# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD WILKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 07-cv-599-GPM |
| ) | |
| MARVIN F. POWERS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

With leave of court, Plaintiff recently filed an amended complaint. This amended complaint (Doc. 18) is 129 pages in length, detailing allegations against 25 separate defendants. It is supplemented with over 300 pages of exhibits.[1]

> Rule 8(a)(2) [of the Federal Rules of Civil Procedure] requires a "short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 8(e)(1) states that "[e]ach averment of a pleading shall be simple, concise, and direct." The primary purpose of these provisions is rooted in fair notice: Under Rule 8, a complaint "'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.'" *Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir.) (citations omitted), *cert. denied,* 510 U.S. 868, 114 S.Ct. 193, 126 L.Ed.2d 151 (1993); *see also Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of what it is the plaintiff asserts). A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation.

---

[1] Similarly, his original complaint (Doc. 1) is 60 pages in length, with 26 pages of exhibits.

*Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994). *See also Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Dausch v. Rykse*, 52 F.3d 1425, 1430 (7th Cir. 1994).

The Court finds that Plaintiff's amended complaint does not provide such a short and plain statement of the claim, as it requires the Court and defendants "to forever sift through its pages" to determine which allegations are made against each defendant. Proceeding with this pleading also "makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." Furthermore, separate, unrelated claims belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See generally* FED.R.CIV. P. 20(a)(2).

In addition, at this stage of the litigation, voluminous exhibits are unnecessary. *See* FED.R.CIV.P. 26-37. Therefore, when he files his new complaint, ***Plaintiff shall not file any supporting exhibits.*** Accordingly, Plaintiff's motion to file exhibits (Doc. 15) is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's amended complaint (Doc. 18) is **STRICKEN** for non-compliance with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff is **GRANTED** leave to refile his complaint in compliance with this Memorandum and Order within **THIRTY (30) DAYS** of entry of this Memorandum and Order. Should Plaintiff wish to refile his complaint within the allotted time, it is strongly recommended that he use the forms designed for use in this District for such actions.

**IT IS FURTHER ORDERED** that any new complaint shall present each claim in a separate count, and each count shall specify, ***by name***, each defendant alleged to be liable under the count, and the actions alleged to have been taken by that defendant. Again, Plaintiff is **ADVISED** to ***include only related claims*** in his new complaint. Claims found to be unrelated will be severed into new cases; new case numbers will be assigned, and additional filing fees will be assessed.

To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to **RETURN** to Plaintiff the original copy of his amended complaint with all accompanying exhibits (Doc. 18). The Clerk shall also **RETURN** to Plaintiff ALL proposed exhibits submitted with his motion to include exhibits (Doc. 15). Plaintiff's motions for copies (Docs. 16, 19) are now **MOOT**.

**IT IS FURTHER ORDERED** that any new complaint filed by Plaintiff that is not in strict compliance with this order shall be **STRICKEN**.

**IT IS FURTHER ORDERED** that upon conclusion of the thirty-day period, should Plaintiff fail to refile his complaint in strict compliance with this Memorandum and Order, this case will be closed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

DATED: 8/26/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge