**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **GERALD WILKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 07-599-GPM** |
| | ) | |
| **MARVIN F. POWERS,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Plaintiff previously filed a 129-page amended complaint detailing allegations against 25 separate defendants.[1]  The Court directed the Clerk of Court to strike that pleading as noncompliant with federal rules and gave Plaintiff leave to file a new complaint within 30 days (*see* Doc. 20). Pursuant to the Court's order, he has now filed a 20-page amended complaint (Doc. 23).

Before reviewing the amended complaint, the Court must address Plaintiff's motion to set aside this Court's earlier order (Doc. 25).  In this motion, Plaintiff argues that the Court should not have dismissed his excessively long pleadings, as he feels it is necessary to provide a play-by-play description in order to fully explain his legal claims.  The Court disagrees, and this motion is **DENIED**.

### <u>FACTS ALLEGED</u>

In his amended complaint (Doc. 23), Plaintiff states that due to his mental and emotional

---

[1]  Similarly, his original complaint (Doc. 1) is 60 pages in length, with 26 pages of exhibits.

disorders, he was compelled to stick two ink pens into his penis, which caused bleeding and extreme pain. He and his cell mate immediately notified security of his need for medical attention. He alleges that Defendants George, Caliper, Powers, Watkins, Malone, Jordan, Baker, and Dunn all denied his requests for medical treatment (¶¶ 1-14, 21-31, 34-51). He further claims that these defendants conspired to falsify his medical records in order to cover up their failure to provide him with medical treatment.

He next alleges that on that same day as the ink-pen incident, he had suicidal thoughts of hanging himself. Defendant Clover arrived two hours after she was summoned by an officer; she allegedly provoked him into tying a sheet around his neck. He was then extracted from his cell and placed on suicide crisis watch (¶¶ 15-20). After two days on crisis watch, Defendant Peppers ended that watch and returned Plaintiff to his cell (¶ 32-33).

Plaintiff also generally alleges that during his time at Tamms Correctional Center, he has been deprived of human contact and therapeutic activities by Defendants Tamms Administration, the Mental Health Team, and the Medical Staff, including social isolation, sensory deprivation, excessive noise levels, and cohabitation with seriously mentally ill inmates.

### CLAIMS PRESENTED

Plaintiff's first claim is that Defendants George, Caliper, Powers, Watkins, Malone, Jordan, Baker, and Dunn denied him medical treatment for the self-inflicted injuries to his penis, in violation of his rights under the Eighth Amendment.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician

as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007). Applying these standards to the allegations in the amended complaint, the Court is unable to dismiss this claim against any of these Defendants at this point in time. *See* 28 U.S.C. § 1915A.

Plaintiff's next claim is that Defendants Clover and Peppers have been deliberately indifferent to his mental health needs, in violation of his rights under the Eighth Amendment.

Prison officials have a duty, in light of the Eighth Amendment's prohibition against cruel and unusual punishment, to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). To determine whether an inmate's Eighth Amendment rights were violated by a deprivation, we examine the alleged violation both objectively and subjectively. *See id.* at 834, 114 S.Ct. 1970. "First, the deprivation alleged must be, objectively, sufficiently serious." *Id.* (quotation omitted). Second, the mental state of the prison official must have been "one of deliberate indifference to inmate health or safety." *Id.* (quotation omitted).

*Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001). The Seventh Circuit Court of Appeals has found that "the need for a mental illness to be treated could certainly be considered a serious medical need." *Id.* at 734; *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983). Applying these

standards to the allegations in the amended complaint, the Court is unable to dismiss the claim against Clover at this time. However, Plaintiff's only claim against Peppers is that Peppers returned him to his cell after he spent two days on suicide watch. Such an allegation does not present a viable claim of deliberate indifference by Peppers and, thus, is dismissed from this action.

Plaintiff also alleges that Tamms Administration, the Mental Health Team, and the Medical Staff have acted in concert to systematically subject him to social isolation, sensory deprivation, excessive noise levels, and cohabitation with seriously mentally ill inmates, in violation of his rights under the Eighth Amendment. Although such allegations present a viable claim, his identification of these defendants is essentially the same as referring to them as John Doe defendants. Thus, until such time as Plaintiff has identified the responsible individuals through discovery and in a subsequent amended complaint, service will not be made.

Plaintiff further alleges that Defendant Wexford Health failed to provide adequate training to its employees. Such a claim sounds in negligence, but a defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). *See also Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997); *Sellers v. Henman*, 41 F.3d 1100, 1103 (7th Cir. 1994).

Plaintiff also attempts to invoke the Equal Protection Clause of the 14th Amendment as basis for his claims. However, his claims clearly fall under the Eighth Amendment, and all claims made under the 14th Amendment are dismissed with prejudice. The same applies to his claim under the Federal Tort Claims Act, which provides for relief against the United States. There is no allegation that any individual defendant is an employee or agent of the federal government, and thus his FTCA claim is dismissed with prejudice.

Finally, Plaintiff invokes 29 U.S.C. § 794, commonly known as the Rehabilitation Act. To state a claim under the Act, a plaintiff must allege (1) the existence of a program or activity within the state which receives federal financial assistance, (2) that plaintiff is an intended beneficiary of the federal assistance, and (3) that he is a qualified handicapped person, who solely by reason of his handicap has been excluded from participation in, been denied the benefits of or otherwise been subjected to discrimination under such program or activity. *See Simpson v. Reynolds Metal Co.*, 629 F.2d 1226 (7th Cir. 1980). Plaintiff makes no such allegations, and this claim also is dismissed with prejudice.

### MOTION FOR COPIES (DOC. 26)

In this motion, Plaintiff asks that the Court provide him with a copy of his amended complaint (Doc. 23) and motion to set aside (Doc. 24), as he did not have time to make copies of those pleadings before submitting them within the Court's mandated deadline. This is a reasonable request, and the motion is **GRANTED**; the Clerk of Court shall send Plaintiff a copy of each of these papers with his copy of this order.

### SUMMARY

**IT IS HEREBY ORDERED** that Defendants **WEXFORD HEALTH** and **PEPPERS** are **DISMISSED** from this action with prejudice. Furthermore, Plaintiff's claims under the FTCA, the Rehabilitation Act, and the 14th Amendment are **DISMISSED** with prejudice. Plaintiff is advised that, within the Seventh Circuit, dismissal of these claims and defendants count as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

The Clerk of Court is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for

Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **POWERS, CALIPER, GEORGE, CLOVER, BAKER, WATKINS, DUNN, MALONE** and **JORDAN**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **POWERS, CALIPER, GEORGE, CLOVER, BAKER, WATKINS, DUNN, MALONE** and **JORDAN** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the amended complaint, applicable Forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. Service shall not be made on the Unknown Defendants (e.g., Tamms Administration, Mental Health Team, and Medical Staff) until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of Illinois Department of Corrections (I.D.O.C.) who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk of Court prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon such defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for that defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless that defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon their attorney(s), a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois

72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Plaintiff's failure to do so will result in dismissal of this action under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED:  02/27/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge