IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD WILKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:07-cv-599 GPM ) |
| MARVIN F. POWERS, et al., | ) ) |
| Defendants. | ) ) ) |

**ORDER**

On August 21, 2007, the Plaintiff, a prisoner acting *pro se*, filed a complaint against a number of Illinois Department of Corrections officials for denying him medical treatment in violation of his constitutional rights (Doc. 1). On February 27, 2009, the District Court completed its threshold review of the complaint, finding that Plaintiff presented a claim for deliberate indifference to his serious medical needs against Defendants Powers, Caliper, George, Clover, Baker, Watkins, Dunn, Malone, Jordan, and a number of John Doe Defendants (Doc. 28). In answering the complaint Defendants Powers, Clover, Baker, Dunn, and Malone raised the affirmative defense that Plaintiff failed to exhaust his administrative remedies prior to filing suit, in violation of 42 U.S.C. §1997e(a) (Doc. 44). On June 12, 2009, Defendant Caliper filed a Motion to Dismiss (Doc. 41) in which she argues that Plaintiff did not fully exhaust his administrative remedies regarding the claims in this action.

The Seventh Circuit recently held that discovery on the merits should not begin until the question whether a plaintiff has exhausted his administrative remedies within the meaning of the Prison Litigation Reform Act has been resolved. *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). In an attempt to comply with *Pavey* as closely as possible, the Court will follow the procedure outlined

below.

1. The parties are granted 90 days in which to conduct discovery related exclusively to the issue of exhaustion of administrative remedies.

2. The undersigned magistrate judge will hold a hearing on the question whether Plaintiff has exhausted his administrative remedies on **October 7, 2009, at 2:00 p.m.** in the East St. Louis Federal Courthouse. Plaintiff shall participate by videoconference. Defendants shall appear in person. In lieu of witness testimony, the parties may submit briefs, affidavits, and exhibits relevant to the question of exhaustion. Briefs, affidavits, and exhibits are due **September 30, 2009.**

3. The undersigned will make a written Report and Recommendation to the presiding United States District Judge recommending a factual determination on the exhaustion issue based on the evidence presented at the hearing.

**IT IS SO ORDERED.**

**DATED: July 2, 2009**

                                               s/ *Donald G. Wilkerson*
                                               **DONALD G. WILKERSON**
                                               **United States Magistrate Judge**