### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GERALD WILKINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 07–599–GPM |
| | ) |
| **MARVIN F. POWERS, et al.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Mr. Wilkins moves for leave to proceed *in forma pauperis* on appeal (Doc. 136) and for copies of the entire docket (Doc. 134). "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appellant is "acting in bad faith in the more common legal meaning of the term . . . [when he sues] . . . on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

Here, Mr. Wilkins appeals this Court's March 25, 2010 Order and Judgment dismissing his prisoner civil rights action with prejudice for his failure to prosecute (Docs. 125, 126). Mr. Wilkins argues, without any evidentiary or legal support, that his case was closed "due to biasedness [sic], unfairness, prejudice and erroneous judgment as a matter of law" (Doc. 130). To the contrary, Mr. Wilkins's case was dismissed because he failed to keep the Court apprised of changes in his address, he failed to appear for a deposition, and he failed to respond to a Court Order (*see* Doc. 124).

In response, Mr. Wilkins claims he missed his deposition because he was on house arrest, and that he failed to receive any Court documents because a fire allegedly destroyed the apartment where he was staying upon being paroled. While the Court agrees that such a fire is an unforeseeable tragedy, it does not relieve a litigant of their duty to keep the Court informed of their address and prosecute their case. Further, Mr. Wilkins undoubtedly lived somewhere, both before the alleged fire (because he claims to have been on house arrest) and after; and it was his responsibility to inform the Court of where, exactly, that somewhere was. More importantly, it was Mr. Wilkins's responsibility to prosecute his case while paroled just as vigorously as he has while confined.

Therefore, the Court **CERTIFIES** that this appeal is not taken in good faith and leave to proceed *in forma pauperis* on appeal (Doc. 136) is **DENIED.** Mr. Wilkins must pay the appellate filing and docketing fee of **$455** to the Clerk of Court *in this District* or reapply to the Seventh Circuit Court of Appeals for leave to proceed *in forma pauperis* on appeal. In light of the foregoing, at this time, there is no justification for Mr. Wilkins to receive a free copy of "the entire court clerk docket filings," as he requests in his Motion for Copies (Doc. 134). If Mr. Wilkins moves forward with his appeal he may request copies of the specific documents related to his appeal at such a time. Mr. Wilkins's Motion for Copies (Doc. 134) is therefore **DENIED**.

**IT IS SO ORDERED.**

DATED: 06/25/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge